## HOWELL v. HOWELL.

No. 3713.    Opinion Filed June 9, 1914.

(141 Pac. 412.)

1.  DIVORCE—Time for Appeal—Application of Limitation.   That part of section 4971, Rev. Laws 1910, requiring that a party desiring to appeal from a judgment of the district court granting a divorce must, within ten days after such judgment is rendered, file a written notice in the office of the clerk of such court, duly entitled in such action, stating that it is the intention of such party to appeal from such judgment, and requiring, further, that the proceeding in error be commenced within four months from the date of the decree appealed from and not thereafter, applies only where it is sought to appeal from a judgment granting a divorce, and not where the appeal is prosecuted from an order awarding alimony or making a division of property in divorce proceedings.

2.  HUSBAND AND WIFE — Separation Agreement—Validity—Rescission.   A separation agreement procured by fraud or duress or voidable upon other equitable grounds is subject to rescission and cancellation in equity, the same as any other contract.   Where the agreement is executed directly between husband and wife, it is also subject to the rules which control the contracts of persons occupying confidential relations, and is not binding upon the wife, unless it is just and equitable in view of all the circumstances existing at the time when it was executed.

3.  SAME—Evidence.   In a suit for divorce and division of property acquired through the joint efforts of the parties, when the husband sets up a prior written contract of settlement entered into between himself and wife, as a defense against any further division of the property, he must be able to show, not only that it was entered into fairly and without misrepresentation, overreaching, or fraud, but also that its provisions are equitable and just under all the circumstances.

4.  SAME.   A contract between husband and wife, made in contemplation of a future separation of the parties, is void as against public policy.

5.  SAME—Agreement Dividing Property—Validity.   The contract in suit was made for the purpose of reuniting the husband and wife, and to re-establish the marital relation, which had been interrupted, and is in no way repugnant to good morals nor opposed to public policy.

6.  TRIAL—General Finding—Construction—Husband and Wife—Division of Property.   The contract in suit was upheld by the court in a general order and decree.   This implies a holding that it was equitable and just.   We are unable to say, in the light of all the circumstances and the situation of the parties, that the court erred.

(Syllabus by Brewer, C.)

*Error from District Court, Stephens County;*
*J. T. Johnson, Judge.*

Action by Minnie H. Howell against William T. Howell.
Decree was entered granting divorce but upholding prior settle-
ment of property rights, and plaintiff brings error.   Affirmed.

*Johnson & McGill* and *J. M. Sandlin,* for plaintiff in error.

*Womack & Brown* and *Stuart, Cruce & Gilbert,* for defend-
ant in error.

Opinion by BREWER, C.   This suit was brought by Min-
nie H. Howell against Wm. T. Howell to procure a divorce, a
cancellation of a written property settlement, alimony, and for
attorney's fees and costs.   At a trial thereof she was granted a
decree of divorce, but a settlement of property rights theretofore
made between the parties was upheld.   From this latter portion
of the decree the plaintiff below has appealed, and urges for a
reversal of the case:   First, because the contract is illegal and
void for the reason that it was made in contemplation of a future
separation; second, because under the evidence the contract of
settlement made by the parties is inequitable.

The facts, briefly stated, are that the defendant in the year
1895, who was then a widower, with a little daughter six years
old, lived in the town of Duncan, was a practicing physician,
and owned and was operating a drug store.   He also owned the
possessory right of the greater part of the property in the settle-
ment involved herein, which at that time was of small value, but
which with the development of the town and surrounding country
has grown to be of considerable value.   In January of 1895 the
defendant married the plaintiff at Gainesville, Tex., and brought
her to his home at Duncan, where they lived together until 1908,
at which time the plaintiff left the defendant and went to the
town of Chickasha with the avowed intention and purpose of
bringing an action for divorce and for a division of the property.
To this end she employed Judge J. T. Dickerson, who, in the
settlement which followed, represented her interests.   The de-
fendant, through his attorney and friends, got into communica-

tion with her and learned of her purpose to sue for divorce, and they later met and effected a reconciliation, and at the same time entered into a written agreement by which a division of the property was made between the parties.    This being accomplished, the marital relation was resumed and they lived together until about June, 1911, when this suit was filed by Mrs. Howell.

We are met at the threshold of this case with a preliminary question affecting the jurisdiction of this court to entertain the appeal, in that the appeal was not taken within four months, nor was the notice of appeal given as required by section 4971, Rev. Laws 1910.    However, this question has been settled by this court since this point was made in the briefs.    In the case of *Lewis v. Lewis*, 39 Okla. 407, 135 Pac. 397, it was ruled that the order of the court relating to the question of a division of the property is separable from the decree granting the divorce, and, where the appeal and assignments of error go solely to that portion of the judgment, that the appeal may be taken under the general provisions of law relating thereto.    The Lewis case was followed later in that of *Montgomery v. Montgomery*, 41 Okla. 581, 139 Pac. 288, in which case section 1 of the syllabus is as follows:

"That part of section 4971, Rev. Laws 1910, requiring that a party desiring to appeal from a judgment of the district court granting a divorce must, within ten days after such judgment is rendered, file a written notice in the office of the clerk of such court, duly entitled in such action, stating that it is the intention of such party to appeal from such judgment, and requiring, further, that the proceeding in error be commenced within four months from the date of the decree appealed from, and not thereafter, applies only where it is sought to appeal from a judgment granting a divorce, and not where the appeal is prosecuted from an order awarding alimony or making a division of property in divorce proceedings."

1.    The provision of the contract dividing the property which it is claimed is void because it violates public policy, in that it is made in contemplation of a future separation of the parties, is as follows:

"It is understood that the consideration of this agreement is that said Minnie H. Howell return and again assume the mari-

tal relations with Wm. T. Howell, intending to live with him as long as he shall abstain from the use of alcoholic beverages."

There is no dispute between the counsel as to the fact that contracts which undertake to provide for the separation of husband and wife in the future are void, nor do counsel for defendant take issue with the rule announced in the vast array of authorities cited by the plaintiff to sustain the rule; but it is contended that the contract involved here does not bring the case within the rule announced, and we are constrained to believe that this is true. It will be remembered that when this contract was executed these people were living apart. The separation had already occurred. The plaintiff's claim at the time, and later in her divorce suit, was based on the fact that defendant was addicted to the use of intoxicating liquor and at times drank to excess. The defendant evidently desired that his wife return to and live with him. To accomplish this purpose and to satisfy her anxieties and desires, he settled a substantial portion of his estate upon her in her own right. Upon her part, she was willing to become his wife, in fact, again, but qualified her intention to return with him with the condition that he remain sober. Both parties probably thought that this would operate as a moral force in the accomplishment of this end.

As we view it, the contract was in contemplation of, and for the very purpose of, effecting a reunion rather than of providing or looking forward to another separation; in fact, it had this result, and for three years thereafter they lived together. Having this view of the contract, it is not open to the objection urged.

2. The question of whether or not a contract between persons occupying a confidential relation toward each other, such as husband and wife, is equitable and fair to both, always presents difficulties, for the very reason that in arriving at a conclusion the surrounding circumstances and the situation of the parties must be taken into consideration and carefully weighed. Each case must stand on its own facts. In the instant case the plaintiff in her petition charged that the contract of settlement was obtained through fraud and duress. This position seems to have

been abandoned at the trial, as it ought to have been, for there are no circumstances tending, in our judgment, to support it.

In the reply of plaintiff to the answer setting up the settlement, she raises the question of the want of fairness and equity in the settlement, and this phase of the settlement is urged here. The evidence is voluminous, and the court, having heard it all, sustained the settlement the parties had made.

It is true the court made no special finding that it was equitable and fair, but we take it that a general finding in favor of the settlement must have included this. In *Montgomery v. Montgomery, supra,* it is said in the syllabus:

"A separation agreement procured by fraud or duress or voidable upon other equitable grounds is subject to rescission and cancellation in equity, the same as any other contract. Where the agreement is executed directly between husband and wife, it is also subject to the rules which control the contracts of persons occupying confidential relations, and is not binding upon the wife, unless it is just and equitable in view of all the circumstances existing at the time when it was executed.

"In a suit for divorce and a division of property acquired through the joint efforts of the parties, when the husband sets up a prior written contract of settlement, entered into between himself and wife, as a defense against any further division of the property, he must be able to show, not only that it was entered into fairly and without misrepresentation, overreaching, or fraud, but also that its provisions are equitable and just under all the circumstances."

And we believe the above expressions fairly state the law; but, as suggested therein, a settlement such as is involved here must be measured and determined in the light of its own facts and surrounding circumstances.

We have studied the facts of this case with care. The plaintiff claimed that defendant's property was worth $40,000. She admits that the property she received was worth about $11,000. Other evidence in the case places a far smaller valuation on defendant's property, and we believe the evidence would fairly justify the conclusion that the portion allowed represents one-third of the estate. We cannot say this was unfair under the circumstances. No considerable portion of this estate was

acquired through their joint efforts. The more valuable lots were held by defendant and his child before plaintiff came to them. It is true, and considerable point is made of this, that defendant did not own the lots in 1895. He did not own the title. No man, white or Indian, at that time could own the title to Indian lands, but he had possession with improvements which under the treaties later ripened into a title, and changing conditions caused this property to become of considerable value.

We do not mean to suggest that, after the marriage, the plaintiff did not aid and assist the defendant in preserving, building up, and adding to his property, and to this extent it might be said that it was the result of their joint efforts; but it presents a very different case from one where two people marry with nothing, and through years of co-operation and community of endeavor they create an estate through their joint efforts.

It is true the plaintiff in her petition alleged that she was without means to employ an attorney, or pay the expenses of litigation; but in the proof it developed that she was, at about that time, possessed of nearly a thousand dollars in the bank. It developed that the property awarded her was income-bearing property, and it is fairly inferable from the evidence that she was at the time of trial in very comfortable circumstances.

The court found against the plaintiff as to a further division of the property. We do not feel that we are justified in disturbing the decree.

It should be affirmed.

By the Court: It is so ordered.