## KING v. KING.

No. 19029. Opinion Filed April 16, 1929.

Rehearing Denied Sept. 10, 1929.

Campbell & Ray, for plaintiff in error.

Pennel & Harrison, for defendant in error.

LEACH, C. This action was commenced in the district court of Washington county by Vola King, as plaintiff, against H. G. King, the plaintiff in error, to recover the sum of $2,250.58 alleged to be due her upon 20 promissory notes executed by the defendant and payable to plaintiff, which notes were alleged to have been executed pursuant to a written agreement of separation entered into between the parties, as husband and wife, wherein the first party, H. G. King, agreed to pay to his wife, Vola King, as consideration for all alimony, attorneys fees, court costs, support and whatever claims the second party may have to the property of the first party, the sum of $4,000, payable $1,000 in cash, and balance in monthly installments of $100 each, evidenced by notes, and it was alleged that $2,000 of such sum had been paid.

The first ten notes sued upon had matured according to their due dates, while the other ten notes sued upon were alleged to be due by reason of a provision in the articles of separation, wherein it was stipulated and provided that in the event the first party, H. G. King, should dispose of his business, a meat market, or his home in Bartlesville, then and in that event all of the notes should become due and payable.

The defendant below, H. G. King, demurred to plaintiff's petition and each count thereof on the ground that the same failed to state facts sufficient to constitute a cause of action in favor of plaintiff and against the defendant, which demurrer was overruled, and the defendant elected to stand thereon, whereupon judgment was rendered in favor of the plaintiff from which ruling and judgment the defendant brings this appeal, and as grounds for reversal argues and presents three propositions:

The first point urged is that the notes sued upon set out in plaintiff's petition show to be of more than eight months' duration, and that no tax had been paid thereon as provided by section 9608, C. O. S. 1921, and therefore the demurrer to plaintiff's petition was good on that ground. This court in the case of Cole v. Kinch, 134 Okla. 262, 272 Pac. 1017, decided a similar contention therein adversely to the contention made by the plaintiff in error here, which case is decisive of the point raised.

A stipulation in the case made shows that the tax required to be paid under the provisions of the statute referred to was paid subsequent to the filing of the action, and prior to rendition of the judgment on the notes.

The next point urged is that the petition is defective and subject to demurrer because it did not specifically allege and state that the plaintiff had complied with that part of the separation agreement wherein it was provided that the notes sued upon were to be held in escrow and delivered to plaintiff only upon condition that she produced to the escrow agent a decree of divorce between the parties, it being contended that since the petition did not allege a compliance with such provision, there

was nothing to show that the plaintiff had legal title to the notes sued upon. Such contention is without merit. The petition alleges that defendant made, executed, and delivered to the plaintiff the notes sued on, that she is the holder and owner thereof; such allegations, when considered in connection with the fact that the notes are payable to plaintiff, are sufficient to withstand a general demurrer upon the ground stated.

The next proposition urged is that the contract of separation set out and made a part of plaintiff's petition was void and against public policy becouse it contained a clause or paragraph which provided, in substance, that the cash and notes referred to were to be placed in escrow until the second party, the wife, produced to the bank, the escrow agent, within 60 days, a certified copy of decree of divorce between the parties, and failure so to do would render the agreement void. It being contended by plaintiff in error that the notes sued upon were given and were to be delivered only upon the contingency that the plaintiff would procure a decree of divorce, that such agreement is void as against public policy, and the notes are therefore unenforceable. In support thereof, the rule, as advanced in 13 C. J. 463, 464, is quoted as follows:

"Contracts so framed as to have effect only on condition that a divorce between the parties should be granted are held illegal, as their object is to interest the party to be benefited in procuring or permitting a divorce"

—and cases in support of such rule. The case of Howell v. Howell, 42 Okla. 286, 141 Pac. 412, is referred to wherein it is said:

"A contract between husband and wife, made in contemplation of a future separation of the parties, is void as against public policy."

It has been generally held that contracts, or provisions therein, which have for their object and purpose the inducement to obtain a divorce or contemplate a future separation between husband and wife are void as against public policy, as was so held or indicated in the case of Howell v. Howell, supra, and Huber v. Culp, 46 Okla. 570, 149 Pac. 216. It was the former holding of the English courts that the separation of husband and wife being against public policy, a conveyance of property in consideration of articles of separation was void. But as times changed it became necessary to take cognizance of actual conditions and circumstances arising from separation of husband and wife, rather than of idealistic theories, correct ethically and morally, but sometimes impractical of application, and there grew up the custom in separation for the husband to place the legal title of property in trust for the use and benefit of the wife, and such conveyances were gradually upheld by the courts.

Under the provisions of our statutes, section 6610, C. O. S. 1921, a husband and wife may agree in writing to an immediate separation and make provision for support of either of them and of their children, during such separation. Section 6611, C. O. S. 1921, provides:

"The mutual consent of the parties is a sufficient consideration for such an agreement as is mentioned in the last section."

In the case of Farmers State Bank of Ada v. Keene, 66 Okla. 62, 167 Pac. 207, the court, after referring to the provisions of the above statute, stated:

"We do not hold that the statutes to which reference is made, or the judicial trend encourages separations between husband and wife. Existing marital relations cannot be altered by contract; but, in view of the fact that such separations inevitably take place, the statute is meant to give legal effect to necessary agreements for the protection of each spouse, and to define and enforce the duties of one toward the other —not to legalize the separation itself, but to meet the attendant condition. In executing such a contract, it is assumed that a breach of conjugal relations exists, and that, in effect, a separation has already happened."

The articles of separation here involved contain the following:

"Witnesseth: That, whereas, certain differences have arisen between the said parties hereto, by reason whereof they have consented and agreed and do hereby consent and agree to immediately separate and live separate and apart from each other during their natural lives, in accordance with the terms and conditions hereinafter set out"

—and it was further specifically provided in the agreement that so long as the first party, the husband, duly kept and performed the conditions and agreements of the articles of separation, she, the wife, would not, at any time thereafter, contract any debt or incur any charge or liability whatsoever for which the first party or his property or estate should or might become liable, and agreed to keep the first party free and harmless from all such debts, actions, damages, and

liabilities, and the second party thereby released and surrendered any and all claims which she then or might thereafter have to the home (residence) and furniture therein, and also to the business of the first party, and agreed that each of the parties should thereafter have full right to contract with respect to their respective property, the same as if neither of the parties thereto were married. Conceding that the articles of separation contained a void provision or clause relating to the production of a certified copy of decree, did such provision render the entire agreement void and prevent the plaintiff in the instant action at the present time from recovery on the notes sued upon? The agreement between the parties, with the exception of the objectionable clause, is otherwise valid and enforceable if the invalid provisions of the contract be severable from the valid.

Whether the objectionable clause or provision in the contract was ever complied with or not is not shown, but, assuming that it was, such clause or paragraph is not relied upon for any relief in the present action, and the plaintiff does not seek any benefit or right under that particular provision.

In the case of Huber v. Culp, supra, the court, in the body of the opinion in that case, refers to a clause in a contract between husband and wife wherein it was agreed that if either party should desire to obtain a divorce, the other party would not appear therein for the purpose of claiming any financial benefit, or make a defense to such action for divorce. The court said:

"This clause in the contract as between husband and wife is against public policy and void. It is, however, severable from the terms of separation and property settlement which were valid and enforceable, and did not render the entire agreement void even as between husband and wife. * * * Where, in the same instrument, there are legal and illegal covenants, the performance of those which are legal may be enforced, although the performance of those which are illegal may not"

—and in the syllabus said:

"(6) Power of the court to declare a contract void as being in contravention of public policy is a very delicate and undefined power, and should be exercised only in cases free from doubt."

In the syllabus in the case of Culver v. Diamond, 64 Okla. 271, 167 Pac. 223, will be found the following:

"(2) A valid covenant in a contract based upon a legal consideration is enforceable, though a separate covenant for the same consideration is void as being contrary to public policy"

—and in the body of the opinion, page 274, is the following:

"Section 921, Rev. Laws 1910 (5014, C. O. S. 1921) defines the object of a contract as: 'The thing which it is agreed, on the part of the party receiving the consideration, to do or not to do.' And by section 925 (5018, C. O. S. 1921) it is provided: 'Where a contract has several distinct objects, of which one at least is lawful and one at least is unlawful in whole or in part, the contract is void as to the latter, and valid as to the rest.' Numerous authorities are cited in 9 Cyc. 565, to support the proposition as therein stated as follows: 'The rule is that a lawful promise made for a lawful consideration, is not invalid merely because an unlawful promise was made at the same time and for the same consideration.'"

We are of the opinion that the instant agreement is severable, and that the same may be sustained under the rule announced in the cases of Huber v. Culp and Culver v. Diamond, supra.

The defendant, the husband, under the provisions of the articles of separation, was accorded the privilege and right to dispose of his business, a meat market, and the home and furniture, free of the claims and right of the wife therein upon the condition and consideration that the husband pay a certain sum, partly evidenced by the notes sued upon, and now, according to the petition, refuses to pay the remainder of the notes.

To permit him to avoid liability on the notes, at the present time, upon the ground that the separation agreement was against public policy, after the objectionable provision in the agreement has been executed or waived, and when he seeks to appropriate the property referred to in the agreement to his exclusive benefit, would be, as we view it, more violative of public policy and against good morals than to require the maker to pay the notes for which it appears he received a valid consideration.

We find no reversible error in the ruling and judgment of the trial court, and the judgment is affirmed.

TEEHEE, REID, FOSTER, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.