## SEYLER v. SEYLER.

No. 29702.   Feb. 3, 1942.

Rehearing Denied March 3, 1942.

*122 P. 2d 804.*

Richard R. Linn, of Oklahoma City, for plaintiff in error.

Tom Durham, of Tulsa, for defendant in error.

RILEY, J.   This is an appeal from a judgment in favor of defendant in error, herein referred to as plaintiff, in an action based upon three causes of action. Plaintiff and defendant were formerly wife and husband. They were married about July, 1905. On November 16, 1928, they entered into a separation agreement wherein it was recited that they were then husband and wife, but living separate and apart, and that plaintiff, believing that she was entitled to a divorce, would shortly thereafter institute such proceeding and that the parties were desirous of making full property settlement between themselves out of court.

By the terms of said agreement, defendant agreed to pay, and plaintiff agreed to accept as full, complete, and final property settlement, the sum of $250 per month during the life of plaintiff, provided, however, that in the event of the remarriage of plaintiff, the contract should terminate. Payments were made due on the first day of each month commencing on the 5th day of December, 1928. The agreement also provided:

"And it is further agreed that in the event of the willful and intentional breach of any of the conditions and provisions of this contract on the part of first party, second party shall have the privilege and option of declaring the entire amount thereunder due and payable, such amount to be determined by the usual and accepted tables of life expectancy."

Plaintiff was granted a divorce from defendant on December 13, 1928. Defendant made payments and partial monthly payments under the agreement down to July, 1931, at which time he had paid in aggregate the sum of $4,-736.18. At the time this action was commenced, defendant was in arrears in the sum of $24,023.82.

The first cause of action is based upon said arrearage. In her petition, in the second cause of action, plaintiff alleged that since July, 1931, defendant had willfully and intentionally breached said agreement and she elected to declare all future payments due under the agreement; she alleged that she was born November 22, 1881, and at the date of filing this action had a life expectancy of 16 years, and elected to declare all subsequent payments due, amounting to $48,000.

The third cause of action is upon a promissory note in the sum of $500 ex-

ecuted by defendant payable to plaintiff. She alleged that she was and had been at said time a resident of Tulsa, Okla., and that defendant was and had been from and after June 12, 1931, a resident of the State of New York.

Defendant appeared and filed an answer wherein he admitted the execution of said agreement and that payments had been made as alleged in the petition, but asserted that said agreement was and is void because at the time of the execution thereof the parties thereto were husband and wife, and that said agreement was an unlawful attempt to vary and modify the obligation of husband and wife. He specifically denied that he, at any time, willfully or intentionally breached the agreement, and admitted failing and refusing to make any payments after July, 1931, and alleged inability to make same.

As to the third cause of action, he alleged that plaintiff had never paid him any money for said note and that same was wholly without consideration. Other matters were pleaded with reference to said note, but since plaintiff presents no alleged error as to that part of the judgment based upon the note, we deem it unnecessary to set forth the special plea.

Plaintiff attached a copy of the divorce decree to her petition and it shows that no mention was made in the divorce proceedings of the separation agreement and property settlement.

Trial was had to the court without a jury, resulting in a judgment for plaintiff for the full amount prayed, and defendant appeals.

Defendant submits his specifications of alleged error under four propositions.

Propositions 1, 3, and 4 go to the same general question. Thereunder defendant asserts that the claim of the parties had been adjudicated in the divorce decree; that this action is in the nature of a collateral attack on the decree of divorce, and that any claim for property or money settlement, such as this, is a part of the divorce proceeding, and that

if plaintiff desired that same be considered, it should have been presented to the court in said divorce action. Every one of these contentions was decided adversely to defendant in the case of Murphy v. McElroy, 185 Okla. 388, 92 P. 2d 369. That was a case identical with the one here presented as to all of said propositions 1, 2, and 3. Defendant in a supplemental and reply brief admits that Murphy v. McElroy, supra, holds that such contracts are enforceable in a separate action, even after a decree of divorce has been entered. He also admits that King v. King, 138 Okla. 40, 280 P. 271, cited in Murphy v. McElroy, holds substantially the same. Defendant insists that both of said cases are erroneous and should be overruled. See, also, Stark v. Stark, 185 Okla. 348, 91 P. 2d 1064.

In support of this contention defendant cites many cases which hold that such agreements are not binding upon the court in a divorce action. But nearly all of the cases cited are where the agreement was presented to the court in the divorce proceeding. The general rule seems to be that where this is done the court in passing upon the question of alimony may approve and adopt the agreement, reject it entirely, or modify it as the facts and circumstances may warrant.

However, there are some cases, decided even before the so-called "married women's" laws were enacted, which hold such agreements valid and binding upon the court whether presented in the divorce action or in subsequent proceedings. Halstead v. Halstead, 74 N.J. Eq. 596, 70 Atl. 928; Carpenter v. Osborne, 102 N. Y. 552, 7 N. E. 823; Kremelberg v. Kremelberg, 52 Md. 553.

But we are here dealing with an agreement between husband and wife, living separate and apart, making full property settlement between themselves out of court, made in contemplation of divorce, and which was never presented to the court in the divorce proceedings thereafter had.

The contention of defendant is, in substance, that said agreement was extinguished by the decree of divorce which made no mention of alimony, divisions of property, or property settlement. His theory is that the decree of divorce adjudicated all questions of alimony, division of property, and property settlement.

The question is whether the agreement was extinguished by the decree of divorce. McRoberts v. McRoberts, 177 Okla. 156, 57 P. 2d 1175, cited by defendant, answers that question. Therein it is said:

"The next question, then, is: When does such a contract become extinguished? The logical answer seems to be that it becomes extinguished when, as in the case of other contracts, it has served its purpose. We have already defined its purpose. Our view of the matter is that when the property relationship and duties of the parties were considered by the divorce court, including not only their own ideas thereof as expressed in the contract, but also all surrounding circumstances, and on those facts the decree was formed and entered, the contract, if it may be called such, had served its purpose and thereby became extinguished."

In this case the agreement was never presented to or considered by the court. It could not have been extinguished under the rule above stated. There was no issue of alimony, division of property, or property settlement presented in the pleading or settled by the court in the divorce decree.

No question was adjudicated as to plaintiff's right under the agreement. Bates v. Bodie, 245 U. S. 520, 38 S. Ct. 182, 62 L. Ed. 444. Murphy v. McElroy is sustained by the authorities cited therein, and other cases. As early as Huber v. Culp, 46 Okla. 570, 149 P. 216, it was held that a clause in a separation agreement and property settlement between husband and wife, to the effect that if either party should thereafter desire to obtain a divorce, the other party would not appear therein for the purpose of claiming any financial benefit or make a defense to such action for divorce, was against public policy and void, but it was severable from the terms of the separation and property settlement part of the agreement, which were valid and enforceable, and did not render the entire agreement void even as between husband and wife. We see no cause to depart from our holding in Murphy v. McElroy, supra.

The second proposition presented by defendant is that the terms of the contract herein sued upon are indefinite and void. There was substantially no difference between the contract involved in Murphy v. McElroy and the one here under consideration except that in the McElroy Case there was no acceleration clause as in the present case. There the contention was made that the contract was void because it was indefinite as to termination and uncertain as to amount. The contention was not upheld, for the contract was held valid and enforceable. Under the same proposition it is here asserted that the acceleration clause is inoperative and void.

No case is cited in support of the contention in this regard. It is argued that the court could not anticipate in the future, from the date of the judgment, and that acceleration could not apply, and that the court could not anticipate whether or not plaintiff might remarry. But it is well settled that things which are capable of being made certain will be treated as certain.

Here, by the contract itself, defendant agreed that in case of willful and intentional breach on his part, then plaintiff should have the privilege and option of declaring the entire amount due and payable, "such amount to be determined by the usual and accepted tables of life expectancy."

The contract itself provided the means of making certain that which might otherwise have been uncertain. Without that provision, it would have been impossible to determine in advance the

amount which might ultimately accrue under said contract. Defendant's agreement, with respect to what might be done in case of willful and intentional breach on his part, was without regard to the possibility of plaintiff's future marriage. He simply agreed upon a method of making certain that which might, without such method, be uncertain.

The trial court found that defendant had willfully and intentionally breached the agreement. There is no contention that such finding is not supported by the evidence.

Judgment affirmed.

OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., dissents. CORN, V. C. J., absent.