ELLIOTT v. DUNHAM et al. (two cases).

DUNHAM v. SAME.

ELLIOTT v. PUGH et al. (two cases).

Nos. 30216–30220. June 16, 1942.

Rehearing Denied Nov. 10, 1942.

*130 P. 2d 534.*

Heber Finch, of Sapulpa, for plaintiffs in error.

Glenn O. Young, of Sapulpa, for defendants in error.

Lee G. Gill and R. Milton Elliott, both of Oklahoma City, for plaintiffs in error.

Dudley, Hyde, Duvall & Dudley, by Herbert K. Hyde, of Oklahoma City, and Merle G. Smith, of Guthrie (Albert D. Lynn, of Oklahoma City, of counsel), for defendants in error.

HURST, J. Five separate appeals from the judgment of the district court of Oklahoma county in three cases, Nos. 96857, 98767, and 98935, consolidated for trial in that court, are consolidated for briefing and consideration in this court, and since one decisive question is involved in all, they will be decided as one appeal.

Mayola Dunham and Ted F. Dunham are husband and wife. Prior to October 15, 1937, Mayola Dunham had begun an action for separate maintenance against Ted F. Dunham. On that date a separation agreement was made by them, in which R. Milton Elliott was appointed trustee for Mayola Dunham for certain purposes, and certain property was vested in him as trustee. Thereafter, on October 18, 1937, Mayola Dunham obtained a divorce from Ted F. Dunham.

In cause No. 96857, the plaintiffs R. Milton Elliott, trustee, and Mayola Dunham sought from defendants Ted F. Dunham, Rowland Price, Dunham-Price Lumber Company, a corporation, Dunham-Engle, Inc., a corporation, Allied Realty & Investment Company, a corporation, and Tom L. Green an accounting on a note and mortgage made by Allied Realty & Investment Company to Dunham-Engle, Inc., and indorsed by Tom L. Green. Plaintiffs alleged that they were entitled to a portion of the money due on said note under the terms of the separation agreement made by Ted F. Dunham and Mayola Dunham. After the trial court had sustained a demurrer to the petition, R. Milton Elliott, trustee, dismissed his cause of action, and Mayola Dunham dismissed as to all defendants except Ted F. Dunham, and filed an amended petition against him.

In cause No. 98767, plaintiffs Bill Pugh and Rowland Price sought to recover from Allied Realty & Investment Company and Tom L. Green the balance due on the note involved in cause No. 96857. R. Milton Elliott, trustee, and Mayola Dunham intervened in that action and asserted their right to the balance due on the note, under the terms of the separation agreement relied on in cause No. 96857.

In cause No. 98935, Municipal Securities Company, as successor to Allied Realty & Investment Company, and Tom L. Green, as plaintiffs, filed an interpleader action, making R. Milton Elliott, trustee for Mayola Dunham, Mayola Dunham, Ted F. Dunham, Rowland Price, Bill Pugh, Dunham-Engle, Inc., and Dunham-Price Lumber Company defendants. The plaintiffs tendered into court the balance due on the note involved in the two other actions, prayed that the court determine who was entitled thereto, and that the further prosecution of the two other cases be enjoined pending such determination.

The three cases were consolidated for trial. The trial court sustained a demurrer to the petition of Mayola Dunham in cause No. 96857, and dismissed the case. The court dismissed No. 98935, the interpleader case, and in No. 98767 rendered judgment in favor of Bill Pugh and Rowland Price on the pleadings, giving each of them one-half of the money paid into court as the balance due on the aforesaid note. The various appeals which are consolidated in this court are taken from such judgments of the trial court by Mayola Dunham and R. Milton Elliott, trustee.

The sole question presented is the effect of the decree of divorce in the case of Mayola Dunham v. Ted F. Dunham upon the separation agreement made by Mayola Dunham and Ted F. Dunham. This agreement is very lengthy. It recites that Mayola Dunham has instituted

action for separate maintenance and for the custody of the two children of the parties, the request of Ted F. Dunham that the action be changed to one for divorce, and that Mayola Dunham has agreed to amend her petition to comply with that request, but that the parties are not bound by such request and agreement for divorce. The agreement then assigns to Mayola Dunham as her part of the jointly acquired property of the parties certain described property, including the balance due on the note which is in controversy in these actions; provides that her part of the proceeds of said note shall be delivered to R. Milton Elliott and Lee G. Gill as trustees, and how it shall be handled by them as trustees; makes provision for the support of the children, and provides a money allowance for Mayola Dunham in varying monthly amounts during specified periods until she shall have reached the age of 66 years, which amounts shall be increased if during certain periods the yearly income of Ted F. Dunham shall reach certain specific amounts; provides that the husband shall within five years from the date of the agreement procure a home for the wife and children which shall be conveyed to the wife, shall make the wife the beneficiary in certain life insurance policies held by him, and shall not thereafter change the beneficiary in said policies. It also provides that the husband shall make a will in favor of the wife, and that the husband shall pay, in sufficient time to save the wife from being forced to pay them, certain bills owing to various parties, and shall pay any expenses resulting from the illness of either of the children in the future. In consideration of the foregoing obligations the wife releases the remaining property of the parties to the husband. The agreement states that it is made for the purpose of settling all property rights of the parties.

The decree of divorce recited "that the parties hereto have entered into a property settlement contract, which is unnecessary to be disclosed of record; that said contract should be, and is by the court approved; that the defendant be and hereby he is ordered to comply with the contract." It made provision for alimony in specific monthly payments, in amounts corresponding to the money allowance specified in the contract, but for a shorter period of time, and without provision for any increase by reason of increased income of the husband. It also made specific provision for payments to the wife for the support and education of the children in substantial conformity to the provisions of the contract. As to all other matters provided for in the contract the decree was silent.

The trial court held that by the language in the decree above quoted, the court granting the divorce attempted to make the contract a part of the judgment in the divorce action; that by so doing it rendered the judgment in that action, so far as alimony and the division of property were concerned, so indefinite and uncertain as to be unenforceable, and that therefore the judgment in those respects was void, and that it would be necessary for the parties to reopen the divorce action and there have their alimony and property rights determined.

It is the contention of plaintiffs in error that the contract, except as to the provisions for alimony and the support of the children which were superseded by the decree of divorce, remained in full force and effect, and is binding on the parties. The defendants in error contend that the contract was merged in, or extinguished by, the decree of divorce. Thus the sole question presented is whether the existence of the contract was terminated by the decree so that the clause assigning the note in question to Mayola Dunham is no longer in effect.

By statute (12 O. S. 1941 § 1278) the trial court, in granting a divorce, may decree the wife alimony out of the estate of the husband, payable in money or property, and is required to make a just and reasonable division of the property acquired by the parties jointly during their marriage. However, if the parties agree upon an amount in lieu of alimony

to be paid, and upon a division of their property, the trial court, if it finds such agreement fair and reasonable, may approve it. Wheeler v. Wheeler, 167 Okla. 598, 32 P. 2d 305. It may be set aside if found unfair or unreasonable. Dresser v. Dresser, 164 Okla. 94, 22 P. 2d 1012; 19 C. J. 340; 27 C. J. S. 1157; Separation Agreements, Lindey, p. 385. Defendants in error do not challenge the validity of such agreements.

Such agreements may be in the nature of stipulations entered into for the purpose of dispensing with proof, which are extinguished when the decree of divorce is rendered (McRoberts v. McRoberts, 177 Okla. 156, 57 P. 2d 1175), or they may be of such nature that, where not incorporated in or superseded by the decree of divorce, their continued existence and binding effect is unimpaired thereby. King v. King, 138 Okla. 40, 280 P. 271; Murphy v. McElroy, 185 Okla. 388, 92 P. 2d 369; Lazar v. Superior Court, 16 Cal. 2d 617, 107 P. 2d 249; Doig v. Palmer, 97 Utah, 150, 91 P. 2d 443; 19 C. J. 250; 27 C. J. S. 1159; Separation Agreements, Lindey, p. 389.

The contract involved in the instant cases is clearly of the latter type. It contains no provision for its adoption by the trial court, or incorporation in the decree of divorce. On the contrary, it contains numerous provisions which, if embodied in the decree of divorce, would be invalid as in excess of the power and authority conferred upon the court by the statute. Kunc v. Kunc, 186 Okla. 297, 97 P. 2d 771. It provides for a number of acts to be performed by the husband in the future which the court rendering the divorce would be without power to enforce, and by its terms is to be effective whether the divorce is granted or not. Its purpose was not served when the divorce was granted, as in McRoberts v. McRoberts. We do not agree with the contention of defendants in error that the contract was extinguished by the decree.

Nor was the contract merged or embodied in the decree by the reference to it therein. Murphy v. McElroy,

supra; Young v. Thompson, 220 Mo. A. 1266, 290 S. W. 85; Moore v. Crutchfield, 136 Va. 20, 116 S. E. 482; Doig v. Palmer, supra; Seyler v. Seyler, 190 Okla. 253, 122 P. 2d 804; 27 C. J. S. 1159; Lindey, Separation Agreements, page 391.

The contract made no provision for its merger in the decree. The trial court did not incorporate the contract in the decree, or attempt to adopt it as a part of its judgment. It simply exercised the power to approve or disapprove it, and approved it in all respects except as to the money allowances for the wife and children, for which it substituted the allowances contained in the decree. This left the contract, as modified by the decree, in full force and effect. King v. King, supra. The court could approve, disapprove, or modify the contract. Wheeler v. Wheeler, supra; Lazar v. Superior Court, supra; 27 C. J. S. 1158. The money allowance for the wife and children was separable from the remaining parts of the contract, and since the allowances made by the trial court were not greater, but smaller, than those provided for in the contract, it is evident that the court did not intend to abrogate or annul the other provisions thereof. The change in one provision was a modification in part, and the remainder of the contract remained in full force and effect. Since the action was brought for a part of the property which was by the contract given to plaintiffs in error, and was not affected by the decree, the action was properly brought to enforce the contract.

We, therefore, hold that the existence and binding effect of the provisions of the contract, other than the money allowance therein made for the wife and children, was not terminated by the decree of divorce.

Reversed, with instructions to proceed in accordance with the views herein expressed.

CORN, V. C. J., and RILEY, BAYLESS, and GIBSON, JJ., concur. WELCH, C. J., concurs in conclusion. OSBORN and DAVISON, JJ., absent. ARNOLD, J., disqualified and not participating.