## ALLEN v. ALLEN.

No. 31730. Sept. 18, 1945.

Rehearing Denied Oct. 9, 1945.

*162 P. 2d 193.*

Tom W. Garrett, of Oklahoma City, for plaintiff in error.

Campbell, Randolph, Mosteller & McElroy, of Oklahoma City, for defendant in error.

BAYLESS, J. M. Lucille Allen appeals to this court from a judgment of the district court of Oklahoma county refusing her relief in an action which she filed against Walter E. Allen, formerly her husband, for the purpose of enforcing rights which she asserted under a contract entered into between them prior to their divorce which had for its purpose the settlement of their property rights.

This contract was entered into August 4, 1939, when the parties were residents of another state, and provided two things for the benefit of the wife, in substance: (1) The payment of $140 per month beginning August 1, 1939, for the remainder of her life or until she should remarry; and (2) the continued carrying of a policy of life with the wife as beneficiary. It was provided that this contract was intended to supersede an earlier contract and was to remain in force and effect if a divorce was obtained within three months. The husband went to Nevada and procured a divorce within three months. In his complaint in the divorce action he alleged, in substance, that the parties had entered into the contract, without giving any of its details, that said contract was just, fair, and reasonable and should be ratified, approved, and adopted in lieu of making any other or different orders in relation to the subject matter thereof. In her answer to this complaint the wife admitted this allegation. A decree of divorce was granted the husband wherein the trial court found ". . . and further, that the agreement entered into between the parties hereto, dated August 4, 1939, should be approved, adopted and confirmed by this court, and the parties should be directed to comply therewith and to execute the terms thereof," and ordered "it is further ordered that the agreement between the parties hereto, dated August 4, 1939, be, and it is hereby approved, adopted and confirmed by this court, and the parties hereto directed to comply therewith and to execute the terms thereof." The record shows that the husband complied with the terms of the contract and judgment until he became delinquent on the in-

stallment due February 1, 1942. The trial court denied the wife relief upon the following ground:

"The court further finds that the said Nevada court, on August 10, 1939, approved and thereafter incorporated and adopted into, and made the said contract a part of the final divorce decree, and that the said contract of August 4, 1939, was thereby legally extinguished and is not now enforceable in Oklahoma."

The question presented to us here is whether the plaintiff may sue in Oklahoma to enforce this contract or must sue in Oklahoma upon the judgment of the district court of Nevada as a foreign judgment.

The parties cite the same general line of cases, each finding support in certain of the cases and denying the applicability of the cases relied on by the other.

The wife places her chief reliance in the case of Elliott v. Dunham, 191 Okla. 395, 130 P. 2d 534; Seyler v. Seyler, 190 Okla. 253, 122 P. 2d 804; Murphy v. McElroy, 185 Okla. 388, 92 P. 2d 369, and other cases. The husband relies principally upon McRoberts v. McRobers, 177 Okla. 156, 57 P. 2d 1175.

From these cases it appears that a distinction is made between agreements which amount to no more than a stipulation of fact with respect to the issue of property rights when it is intended to submit such stipulation to the trial court for its guidance, and to consider its function served at that time (McRoberts v. McRoberts, supra) and other agreements wherein the parties expressly agree with respect to the division of their property rights in the nature of a contract which they intend shall govern thereafter whether submitted to the court or not, as in Murphy v. McElroy, supra, where it was not submitted, or in Elliott v. Dunham, supra, where it was submitted but the judgment of the court did not follow the contract in some respects and approved it in others. In the McRoberts Case we held that the stipulation had fully served its purpose when it had been submitted to the trial court in the nature of evidence of the parties' wishes, and that it was not thereafter enforceable in this state as a contract. In the Murphy v. McElroy Case we held that a contract between the parties was binding and enforceable after the decree of divorce where it had not been submitted to the trial court and the trial court had not undertaken to make any order with respect to the property rights of the parties. In the Elliott v. Dunham Case we held that such a contract when submitted to the trial court was not binding upon the court, and in the particular instance wherein the trial court ordered matters different to the provision of the contract, to that extent the contract was disapproved and ineffectual, but as to the parts of the contract which the court approved by not undertaking to order otherwise they remained valid and enforceable as contract rights after the divorce decree. In that case we understand that the trial court formally approved the provisions of the contract. which it did not alter or supersede, but did not incorporate them into the divorce decree in detail. In other words, it was necessary to have resort to the contract to determine what agreement in any particular instance the trial court had adopted or approved.

Therein lies the difference between the cases cited by the wife and the McRoberts Case cited by the husband. The district court of Nevada did ratify and adopt and confirm the agreement between the parties with respect to their property rights, but significantly ordered and directed them to obey and execute the provisions of the contract. It did not set the contract out in the decree and no one could determine what the rights of either party should be under this decree without reference to the contract. To the extent that the trial court below found that the district court of Nevada "incorporated and adopted into, and made the said contract a part of the final divorce decree," it is not sustained by the record. If that court had incorporated and adopted "into" and had made the said contract a literal

part of the final divorce decree, the finding of the trial court in this instance could be sustained.

We feel that if we should adopt the husband's argument and contention in this case, that it is necessary for the wife to sue on the foreign judgment and to use the contract as evidence of her rights thereunder, we should be putting too narrow and technical a construction upon the records of the Nevada court. It can be seen from all the decisions of this court, which both the parties assert govern since neither party pleaded the Nevada law, that contracts made between spouses for the settlement of their property rights in contemplation of divorce have a recognized part in our legal structure (King v. King, 138 Okla. 40, 280 P. 271), and are not to be stricken down or ignored upon technical grounds, but on the contrary shall receive every consideration commensurate with the decree entered in the case. In this instance, since the decree did not attempt to set out in detail within its four corners the terms of the contract but the Nevada court contented itself with directing that the contract be obeyed and executed, we feel that the recognition of the wife's right to sue upon that contract in this state does not in any wise lessen the finality or dignity of the Nevada judgment nor impinge upon its province.

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

GIBSON, C.J., HURST, V.C.J., and RILEY, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.