James Loren STOCKTON, Plaintiff in Error,

v.

Anita Marie Putz STOCKTON, Defendant in Error.

No. 37203.

Supreme Court of Oklahoma.

July 17, 1956.

Charles E. Jackson, Pauls Valley, for plaintiff in error.

Bill Wilson, Wilson & Wilson, Pauls Valley, for defendant in error.

PER CURIAM.

This action was brought by the defendant in error against the plaintiff in error for the amount due and unpaid under the terms of their property settlement and separation agreement. The parties will hereinafter be referred to by their trial court designation.

The plaintiff's petition alleged that, while husband and wife, the parties entered into a written contract settling all property rights between them and that as a part of this contract the defendant agreed to pay the plaintiff $50 per month for life unless she remarried. She then alleged that she remained unmarried and that the defendant was in default in a certain amount. A copy of the contract was attached to and made a part of the petition. The contract shows that it was executed in Arizona, and that there was a divorce action pending between the parties at the time the agreement was made. The contract stated: "* * * the parties de-

sire to make an arrangement concerning their property rights and for the support of the wife, to be effective also in the event divorce is granted to either party hereto, * * * ". In addition to the monthly payments, the contract apparently made a complete division of all their property.

The defendant's answer, so far as it is material, contained a general denial and also alleged that the petition failed to state the disposition of the divorce action or the law of the State of Arizona with respect to property settlements after a divorce. No demurrer to the petition was filed but at the commencement of the trial the defendant objected to the introduction of evidence for the reason that the petition failed to state a cause of action. The defendant also demurred to the evidence at the close of the testimony. The defendant's theory seems to be that, since the contract showed that a divorce action was pending, it was necessary, as a condition precedent, that the plaintiff plead and prove the action of the Arizona court with respect to the property settlement. The Arizona law was neither pleaded nor proved by either party; nor was sufficient notice given to comply with our judicial notice of foreign law statute. 12 O.S.1953 Supp. § 544.

This court is of the opinion that the matter of the divorce decree is defensive and must be asserted by the defendant rather than negatived by the plaintiff. It was firmly established by Murphy v. McElroy, 185 Okl. 388, 92 P.2d 369, that such property settlement agreements containing provision for the separate maintenance of the wife are valid and will be enforced in the absence of fraud or overreaching. Although an agreement between husband and wife may be only a stipulation to present to the court in a divorce proceeding, it is apparent that the contract in this case was to settle all property rights and was complete within itself whether or not a divorce was granted. Elliott v. Dunham, 191 Okl. 395, 130 P.2d 534. Of course, the court has the right to make a different disposition of the property where the contract appears to be unfair if it is requested to do so; Wheeler v. Wheel-

er, 167 Okl. 598, 32 P.2d 305, just as it may also incorporate their agreement into the decree thereby extinguishing or superseding the contract. But, such action by a court with respect to a valid obligation would logically require the defendant to come forward and show the facts by which his liability thereunder was extinguished. This situation is different from that in which the contract set forth a condition precedent to any liability. Here, the liability already existed. Even though the parties may have been divorced, such fact raises no presumption that the pre-existing valid property settlement was considered by the court or incorporated in its decree and extinguished or superseded. Indeed, many times they are not. Seyler v. Seyler, 190 Okl. 250, 122 P.2d 804; Allen v. Allen, 196 Okl. 36, 162 P.2d 193; Herd v. Bilby, 199 Okl. 437, 186 P.2d 833; Miller v. Miller, 10 Cir., 134 F.2d 583.

Although as yet undecided, we are confident that the Arizona court would agree with this conclusion. Goodwin v. Goodwin, 47 Ariz. 157, 54 P.2d 268; Gillespie v. Gillespie, 74 Ariz. 1, 242 P.2d 837; Glassford v. Glassford, 76 Ariz. 220, 262 P.2d 382. The case of Long v. Stratton, 50 Ariz. 427, 72 P.2d 939, relied on by the defendant, merely holds that the parties' property rights are determined by the divorce decree rather than the contract where the court undertakes to make a disposition of those rights in the decree. Here, there is no evidence that the court in the divorce action attempted to incorporate their property settlement in the decree or in any manner settled their property rights therein.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, BLACKBIRD and HUNT, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Nease and approved by Commissioners Crawford and Reed, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.