Norma L. BLOUNT, Plaintiff in Error,

v.

Julian W. BLOUNT, Defendant in Error.

No. 41441.

Supreme Court of Oklahoma.

March 21, 1967.

R. A. Wilkerson, Pryor, and H. Tom Kight, Jr., Claremore, for plaintiff in error.

. J. Duke Logan, of Pitcher, Logan & Lowery, Vinita, for defendant in error.

WILLIAMS, Justice.

There is involved here for review a decree in a divorce action. For convenience the parties will be referred to as they appeared in the trial court. Plaintiff, the wife, was granted a divorce on the grounds of incompatibility and the custody of the children, also a division of the property and allowances for child support. She appeals solely from that portion of the decree settling property rights and allowing child support.

The parties were married on March 15, 1944. Three children were born of said marriage, Barry, Dale and Gregory. At the time of trial they were respectively 18, 16 and 10 years of age. The defendant was in military service at the time of the marriage. Plaintiff lived with the defendant for a period of about six months and until he was sent overseas. She then returned to Vinita where she was employed in the office of the court clerk.

Defendant returned from the military service in 1945. Since that time the parties have lived on farms in Craig County. Plaintiff testified that farm life was congenial to both parties. In 1946 the parties purchased a 104 acre farm approximately 11 miles south of Vinita, Oklahoma. Six years later they purchased a second farm consisting of about 100 acres. They erected a modern farm home on this farm and continued to live together on said farm until their separation in May, 1964. Plaintiff was still living on this farm at the time of trial.

Across the years the parties improved the farms by erecting buildings and fences.

They also accumulated farm equipment and livestock. They still owned both of the farms at the time of the trial.

After returning from military service the defendant spent most of his time working on the farms. He also worked at construction work. He is a high school graduate and has studied special courses in the field of agriculture. Since 1953, he has been employed as a rubber worker in the B. F. Goodrich Company plant at Miami, Oklahoma. His gross annual earnings from Goodrich for the three years preceding the divorce were: 1961—$8,553.44, 1962—$9,982.44, 1963—$10,043.97. During each of these years he sustained a loss of between approximately $1,500.00 and $1,900.00 on his farming operations. He testified that his take home pay was around $425.00 monthly. Until the separation the defendant lived at the farm home commuting to his job in Miami. At the time of the divorce he was living in Miami.

Plaintiff returned to work in the court clerk's office in 1950 and continued working steadily until the middle of 1953. She worked extra on some occasions between the years 1953 and 1962. Since 1962 she has been employed as a legal secretary earning $50.00 per week. Defendant testified that he objected to plaintiff working believing she should spend her time at home taking care of the young boys.

The evidence is undisputed that both of the parties used their earnings for the benefit of the family. There was no squandering or misuse of family funds. During their marriage they accumulated two farm properties as follows: 104 acres farm land unimproved except for a waterwell and fences, valued at approximately $10,000.00; 100 acres improved farm land valued at approximately $18,000.00 to $28,500 or $29,000.00. These two farms are encumbered with two outstanding mortgages of about $7,000.00 and $5,000.00 respectively, which are being reduced by respective annual payments of $444.00 and $380.00. The parties also accumulated cash in bank $100.00; bonds $150.00; livestock $1,635.00;

farm equipment and machinery $1,710.00, Ford automobile $800.00 to $900.00; Mercury automobile $1,500.00. Both of the automobiles are mortgaged. No value was placed upon the household furnishings. The outstanding indebtedness of the parties at the time of trial excluding the real estate mortgages totaled $5,281.21.

The evidence introduced at the trial established nothing seamy or distasteful about the marriage of the parties. It does establish friction between the parties stemming largely from the disciplining of the children and sustains the judgment of the trial court awarding the plaintiff a divorce on the grounds of incompatibility.

In the divorce decree the plaintiff is awarded the care and custody of the minor children. She is awarded $180.00 per month for the support of the children during their minority with the provision that the amount be reduced $60.00 as each child reaches his majority. There is evidence that the older son, Barry, may live with his father while attending college in Miami, Oklahoma, in which event the award would be reduced $40.00 per month.

Summarized the division of property made by the court is as follows:

Plaintiff is awarded possession of the 100 acre farm whereon is located the home of the parties and the defendant is awarded possession of the other (104 acre) farm together with the right for each respectively to use all improvements on the respective farms and the right to collect the rents and profits accruing therefrom until the youngest child of the parties reaches his majority, whereupon the farms are to be sold and the proceeds of the sale divided equally between the parties. In the event plaintiff ceases to live on the improved 100 acre farm, the farm and improvements thereon are to be sold and the proceeds divided equally between the parties. Either of the farms may be sold at any time by agreement of the parties. Defendant is required to pay the annual payment of $444.00 on one of the mortgages on the properties. and the plaintiff is required to pay the an-

nual payment of $380.00 on the second mortgage on the properties.

Plaintiff is awarded all household furnishings and the Ford automobile subject to the mortgage thereon which she is required to pay.

Defendant is awarded the bank account of $100.00, the bonds of $150.00, all livestock and farm equipment, and the Mercury automobile, subject to all existing mortgages thereon which defendant is required to pay.

Defendant is required to pay all general outstanding indebtedness of the parties amounting to approximately $5,281.21 with the exception of the mortgage on the Ford automobile (and the $5000.00 mortgage on the farms as above recited).

Defendant is required to maintain a hospital and sickness insurance policy on the family including the plaintiff and the children.

Defendant is required to pay an attorney's fee of $500.00 to plaintiff's attorneys.

Prior to the trial of the case the parties entered into a written property settlement. The principal difference between the settlement agreement and the award entered by the court is that in the settlement agreement plaintiff was awarded without restrictions the improved farm of 100 acres and the defendant was awarded the unimproved farm without restrictions. Plaintiff assumed the payment of the $7,000.00 mortgage and the defendant assumed the payment of the $5,000.00 mortgage. Child support of $175.00 per month was agreed upon. The agreement specifically provided that it should not become "finally effective" until approved by the court. At the trial plaintiff sought the approval of the property settlement and the defendant objected. The trial court declined to approve the property settlement.

In this state the trial court in a divorce action is not bound by an agreement of the parties settling property rights, alimony and child support but may "reject it entirely, or modify it as the facts and circumstances may warrant." Seyler v.

Seyler, 190 Okl. 250, 122 P.2d 804. Other cases to the same effect are: Stockton v. Stockton, Okl., 299 P.2d 146; McRoberts v. McRoberts, 177 Okl. 156, 57 P.2d 1175; Wheeler v. Wheeler, 167 Okl. 598, 32 P.2d 305. The trial court committed no error in declining to approve or follow the settlement agreement of the parties.

We now consider the soundness of the portion of the decree dividing the jointly accumulated property of the parties. Our statute on this subject is Title 12, § 1278, O.S.1961, which in pertinent part reads as follows:

"* * * As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. * * *"

The division made by the trial court of the personal property of the parties is not deemed to be unreasonable or unfair under the circumstances. No modification of the award for child support appears to be indicated under the record now before us as to the prospective income and resources of the defendant. However, it stands unexplained as to how on take-home pay of $425.00 per month defendant earns more than $10,000.00 per year.

A more serious question is presented in connection with the division of the real estate jointly owned by the parties which constitutes the bulk of their property.

Plaintiff is awarded possession of their home farm valued at about $18,000.00 to some $29,000.00. Defendant is awarded possession of the unimproved farm valued at $10,000.00. From the standpoint of values only, the award is liberal to the plaintiff. However, a difficulty is presented in that

the fee title to both farms remains jointly in the parties. The farms are to be sold upon the youngest child reaching majority and the proceeds divided equally between the parties. Plaintiff is further inhibited in the use of the property awarded her by a provision that if she ceases to live on the farm it shall be sold and the proceeds divided equally between the parties. Thus, it is to be noted that if the plaintiff in arranging for the welfare and education of the children found it necessary to move from the farm she could not do so without forfeiting her right of occupancy and use of the home farm for the time otherwise yet remaining to her. Plaintiff urges the invalidity of this portion of the decree (failure to divide such farms to the parties in fee).

We have held in Lawson v. Lawson, Okl., 295 P.2d 769, and Kupka v. Kupka, 190 Okl. 392, 124 P.2d 389, that in making a division of real property in a divorce decree, there must be a complete "severance of common title" and the portion awarded each spouse must be free from all claims and domination by the other spouse.

The facts in Kupka v. Kupka, supra, are quite similar to those presented here. The Kupkas resided on a 320 acre farm jointly acquired but resided in separate houses. In the divorce action the wife was awarded a life estate in 100 acres of the farm and a life estate in the remaining 220 acres to take effect upon the death of the husband. The fee simple title to the entire 320 acres remained in the husband. In reversing the case this court said:

"* * * The plain purpose of that provision [Title 12 O.S.1961 § 1278] is that the property be so divided that the portion awarded to one would be free from the claims or domination of the other, a complete severance of the common title. Here, the property was land held in fee simple. A division in kind could be nothing short of a division in fee."

Defendant argues that as the plaintiff is given absolute possession of the improved farm with the right to collect profits and rents the property is free from domination and control by the defendant. We believe that there is still lacking the "severance of the common title" required by our holding in Kupka v. Kupka, supra.

The record in this case does not justify our entering a specific judgment in this case or directing the trial court as to the character of the judgment to be entered, as witness the existence of two mortgages covering both the farms of the parties.

The judgment of the trial court is reversed insofar as it relates to a division of the property with directions to such court to conduct further proceedings in conformity with this opinion.

As there is to be a new trial and since some time has elapsed since the trial in the trial court, we do not further deal with the matter of the amount of child support money awarded plaintiff. We leave that matter to be determined by the trial court.

Plaintiff requests that her attorneys be allowed additional attorneys' fees for prosecuting this appeal. The record reflects that she has sufficient income to prosecute this appeal which is her own appeal from a judgment in her favor. Under these circumstances we have denied claims for additional attorneys' fees. Hall v. Hall, Okl., 390 P.2d 509. The request is denied without prejudice to the matter being again presented at a retrial of the case in the trial court. Catlett v. Catlett, Okl., 412 P.2d 942.

Reversed and remanded for a new trial.

JACKSON, C. J., IRWIN, V. C. J., and BLACKBIRD, BERRY, HODGES and McINERNEY, JJ., concur.