Dorothy Castleman **EATMAN**, Appellee,

v.

Albert Nute **EATMAN**, Appellant.

No. 47489.

Court of Appeals of Oklahoma,
Division No. 1.

Dec. 2, 1975.

Rehearing Denied Jan. 6, 1976.

Certiorari Denied April 20, 1976.

Released for Publication by Order of Court
of Appeals April 21, 1976.

Berry & Spooner, by Richard J. Spooner, Oklahoma City, for appellee.

Boone, Ellison & Smith, by James O. Ellison, James R. Jessup, Tulsa, for appellant.

REYNOLDS, Judge:

This is an appeal from a summary judgment for appellee on her Motion to Reduce Unpaid Installments of Support to Judgment.

Appellee, plaintiff below, on April 2, 1964, filed a petition for divorce in the District Court of Tulsa County. On April 2, 1964, plaintiff and defendant, the appellant, executed a written, notarized agreement settling their respective rights to real, personal and separate property, alimony, child support and all other rights between the parties. The defendant, who was not represented by counsel, filed a waiver of summons and the divorce was granted on May 25, 1964. The journal entry recited the necessary jurisdictional facts and a finding that the plaintiff was entitled to a divorce from the defendant on the ground of incompatibility. The remainder of the journal entry was substantially identical to the contract except that the contract provided that alimony payments would terminate if Ms. Eatman remarried.

In February of 1971 the plaintiff remarried. Relying on the settlement proviso, the defendant stopped paying the support money to plaintiff. In September of 1971, the District Court of Oklahoma County granted her a decree of annulment from her second husband on the ground that he had a previous wife from whom he had not been divorced.

In August of 1973 she invoked the continuing jurisdiction of the Tulsa Court by filing a Motion to Reduce Unpaid Installments of Support to Judgment. Defendant asserted the proviso in the settlement contract as an affirmative defense, stating that because plaintiff had remarried that by the terms of the agreement he was no longer obliged to contribute to her support. He asserted that plaintiff's annulment was procured by fraud and that even if the annulment was valid it did not revive his duty to make the payments.

Affidavits, trial briefs and oral arguments were submitted by the parties,

whereupon the trial court granted plaintiff's motion for summary judgment, ordering defendant to pay $14,440 for past due alimony. Judgment was rendered for plaintiff under authority of *McRoberts v. McRoberts,* 177 Okl. 156, 57 P.2d 1175 (1935). The trial court reasoned that because the subject matter of alimony was contained in the decree, the decree supercedes the contract thereby making the proviso void and unenforceable.

■ It is well settled that under Oklahoma authorities, the trial court does not have jurisdiction to award alimony as an indefinite sum; therefore, prior to passage of 12 O.S.1971, § 1289 the court could not provide that these payments terminated on death or remarriage. *Bishop v. Bishop,* 194 Okl. 209, 148 P.2d 472 (1944).

■ It is also well settled that where the parties enter into a separation agreement that they have power to settle their affairs in ways that the courts do not. 32 O.S.1971, § 6 states:

"A husband and wife cannot, by any contract with each other, alter their legal relations, except as to property, and except that they may agree in writing to an immediate separation, and may make provision for the support of either of them and of their children during such separation."

■ This statute has been held to authorize a settlement contract between husband and wife that provides that alimony payments incident to divorce be terminable on conditions such as death or remarriage. *Pielsticker v. Callahan,* 428 P.2d 203 (Okl. 1967); *Herd v. Bilby,* 199 Okl. 437, 186 P.2d 833 (1947); *Elliott v. Dunham,* 191 Okl. 395, 130 P.2d 534 (1942); *Murphy v. McElroy,* 185 Okl. 388, 92 P.2d 369 (1939). In the *Pielsticker* opinion, the court quoted *Petty v. Petty,* 147 Kan. 342, 76 P.2d 850 (1938):

"There is a distinct difference between what the court has authority under statutes to do with respect to alimony in a

divorce case, and what the parties may agree upon."

 Generally, the problem, in cases where the property settlement device is used, arises when it must be later determined for purposes of enforcement, whether the remedy is a suit on the contract or the judgment, such as in the McRoberts case, supra, cited by the trial court. The general rule is that "[w]hen the separation contract has been incorporated into the divorce decree, either by reference or by being specifically set out therein, the contract as such is extinguished and no longer governs the rights or obligations of the spouses." Note, 24 Okla.L.Rev. 252, 253, citing *Hicks v. Hicks*, 417 P.2d 830 (Okl. 1966). The problem in the case at bar arises because some of the terms of the contract were incorporated in the decree *but not all* of them. A similar problem was encountered in *Elliott v. Dunham*, 191 Okl. 395, 130 P.2d 534 (1942) where the court approved the settlement contract but changed the money allowances for the wife and children, substituting them in the decree. The court stated: "This left the contract, as modified by the decree, in full force and effect."

So too, in the instant case, the portion of the contract that was not incorporated in the decree remains in full force and effect. The contract made no provision that it be adopted by the trial court or incorporated in the divorce decree. Elliott, supra. The proviso, limiting payment of alimony to the period before plaintiff remarries is not inconsistent with the grant of alimony in the decree. It merely provides for termination of the obligation. We therefore hold that the terms of the contract have not been modified nor superseded by the decree.

Summary judgment is to be granted " . . . if it appears that there is no substantial controversy as to any material fact and that any party is entitled to judgment as a matter of law." 12 O.S.1971 Ch. 2, App.Rule 13. The material question of whether the plaintiff contracted a marriage

that would cause the alimony payments to terminate remains unanswered. Therefore, this cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

ROMANG, P. J., and BOX, J., concur.