[Civ. No. S. C. 33.   Second Appellate District, Division One.—January 13, 1937.]

JAMES SEYMOUR, Appellant, v. JOSEPHINE PAINE SEYMOUR, Respondent.

Lester E. Hardy for Appellant.

John Schumacher for Respondent.

DESMOND, J., *pro tem.*—Plaintiff appeals from an order denying his motion to modify a judgment entered in a divorce action.

The court embodied in its interlocutory decree the terms of a property settlement agreement between plaintiff and defendant, by which there were set aside to each of the parties certain items of community property which were listed in the complaint for divorce and by which, also, provision was made that plaintiff should pay unto defendant the sum of $400 per month at the rate of $100 weekly for a period of three years or until the remarriage of the defendant within that time. By the final judgment entered December 8, 1934, it was ordered, "that wherein said interlocutory decree relates to the property of the parties hereto, said property be and the same is hereby assigned in accordance with the terms thereof to the parties therein declared to be entitled thereto". A few months following the entry of this judgment an order to show cause in *re* contempt and attorney's fees was issued and upon the hearing July 2, 1935, the court took the matter under submission. It was then that the motion to modify the interlocutory decree was filed, the denial of that motion being entered on July 24th.

Following service of the summons and complaint upon defendant and before the return thereof, the property settlement agreement in question had been signed by the parties. The default of the defendant then being entered, the court proceedings were carried through entirely by the plaintiff.

Through his attorney he introduced in evidence the property settlement agreement, and by his attorney he prepared the interlocutory decree by which the court expressly approved the terms of the property settlement, ''providing for the support and maintenance of the defendant herein and for the disposition of certain property and the rights of the parties thereto''.

Appellant argues that the court was without jurisdiction to enter a decree requiring the husband to make payments of money after the entry of the decree, for the reason that the husband and not the wife was awarded the divorce, citing *Everett* v. *Everett*, 52 Cal. 383, and *Johnson* v. *Johnson*, 104 Cal. App. 283 [285 Pac. 902]. In these two cases, as in the instant case, the divorce was granted to the innocent husband, but each one differs from the case at bar in essential particulars. For example, in the Everett case, *supra*, there is no mention of any agreement between the parties and the trial court expressly found that there was no community property; under these circumstances the order that certain sums of money be paid the wife from the separate property of the husband could not be sustained. In the case before us, the record shows definitely that there was community property, the subject of agreement between the parties. In the Johnson case the appellate court was unable, upon the evidence before it, to say that the wife was to receive a monthly allowance from her husband as part of the property settlement effected between them. In the instant case, as we have indicated, the contract between the parties dividing their community property expressly obligated the husband to make the payments referred to. We find a similar situation growing out of a stipulation in open court in the case of *Parker* v. *Parker*, 55 Cal. App. 458, [203 Pac. 420, 421], the opinion of Mr. Justice Conrey, holding the innocent husband to the performance of his agreement, being quoted at some length in *Johnson* v. *Johnson*, *supra*, at pages 288 and 289. The language and reasoning of that opinion, we think, is applicable to the present situation. It is in line with the rule referred to in 1 Freeman on Judgments, fifth edition 1925, section 320, page 640, ''The general rule has been laid down and is supported by numerous decisions that a party at whose instance a judgment was

rendered is not entitled in a collateral proceeding to contend that the judgment is invalid. The reason or principle on which these decisions rest is not technically the doctrine of estoppel in the ordinary signification and acceptance of the term, but the principle that a person, having invoked the jurisdiction of a court and submitted himself thereto, cannot be heard thereafter, in a collateral proceeding, to question the jurisdiction so invoked. This rule has been applied to many different sorts of cases, including divorce. We shall find this same principle exemplified in cases involving judgments or decrees from other states, in which it has been held that the party invoking the court's jurisdiction or accepting the fruits of its exercise is estopped from questioning its power. The same principle is applied as against a person who seeks to vacate the judgment or obtain equitable relief against it."

Appellant in his brief raises the question as to whether the court has power to compel the money payments by means of a contempt proceeding. Referring to the interlocutory decree we find the specific language: "It is further ordered, adjudged and decreed that the plaintiff be required to pay unto the defendant the sum of Four Hundred Dollars ($400.00) per month." Since in our opinion the court had jurisdiction to make such an order we see no reason why it cannot enforce the order by a citation in contempt. (*Tripp* v. *Superior Court*, 61 Cal. App. 64 [214 Pac. 252].)

Order affirmed.

Houser, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 5, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 11, 1937.