[Civ. No. 11098.   Second Appellate District, Division Two.—February 1, 1937.]

MADALINE WALSH, Appellant, v. WALTER CHRISTY WALSH, Respondent.

Mott, Vallee & Grant and Kenneth E. Grant for Appellant.

Joseph Scott for Respondent.

CRAIL, P. J.—Appeals were taken from two orders of the trial court relating to the custody of the minor child of the parties, made subsequent to the final decree of divorce. The first order dated May 20, 1936, was made upon application of defendant and provided, among other things, that defendant might take said child to Berlin during the Olympic games held in August, 1936. Thereafter, plaintiff got out an order to show cause why that portion of the first order permitting defendant to take the child to the Olympic games should not be eliminated. The second appeal is from the order denying this application. The Olympic games for 1936 are over and all questions touching the correctness of this second order, having become moot, are abandoned by the plaintiff.

The order of May 20, 1936, incorporated into it by reference an agreement between the parties dated March 15, 1935, which agreement contained the following language: "It is the intention of the undersigned parties that this agreement shall in no way alter, modify or affect in any manner the provisions relating to custody, contained in the separation and property settlement agreement entered into this day by the undersigned parties." The sole contention of the appellant on this appeal is that the order of May 20, 1936, in the light of the fact that the agreement, which is made a part of the order, by referring to said separation and property settlement agreement makes the so-called separation and property settlement agreement the dominant part of the agreement and therefore the dominant part of the order, and yet the order does not incorporate said agreement into the order and fails to apprise the parties of their respective rights and liabilities, renders the order too uncertain to be legally effective and therefore it should be reversed. This

position is untenable. The order does not make the so-called separation and property settlement agreement the dominant part of the order. Indeed, it does not make said agreement a part of the order at all. It says in effect that it does not affect in any manner the provisions of the separation and property settlement agreement. It is clear to us that the order is not so indefinite and uncertain as the result of such language that it should be reversed.

█ Appellant makes the same contention of uncertainty because the agreement which was incorporated into the order by reference also contained the provision that the party having custody of the child "shall not receive or entertain . . . the persons discussed at the time of the separation of the undersigned parties". We cannot agree with the plaintiff's contention that the order should be reversed for this reason. The persons so referred to were sufficiently identified for the parties so far as the contract was concerned. They themselves preferred that such persons be so identified and that they be not more specifically identified. We are not searching for vague possibilities upon which to reverse an order of the trial court.

After the notice of appeal was filed herein, respondent sought to obtain from this court an order to show cause in an effort to obtain an order from this court for the child's custody pending this appeal. The court refused to issue the order. It is now suggested by the respondent that we decide whether or not this court may, pending appeal, make an order for the custody of a minor child involved in the order appealed from. Such question is not properly before us on this appeal and whatever we might say on the question would be mere *obiter*. We therefore refrain from deciding or discussing the question.

Judgment affirmed.

Wood, J., and McComb, J., *pro tem.*, concurred.