GERALDINE VIRGINIA FARLEY

*v.*

BUCK MONROE FARLEY

(No. 12364)

Submitted January 26, 1965.     Decided March 23, 1965.

*Stone, Mauzy, Bowles, Carman & Kauffelt, Paul N. Bowles, T. D. Kauffelt,* for appellant.

*Clarence L. Watt, George W. Stokes,* for appellee.

CAPLAN, JUDGE:

Geraldine Virginia Farley, appellant, instituted an action in a justice of the peace court in Putnam County, wherein

she sought to recover from the appellee, Buck Monroe Farley, the sum of one hundred sixty seven dollars. In that action she alleged that such sum was due and owing her under a property settlement agreement entered into between them. The appellee prevailed before the justice of the peace and the appellant prosecuted an appeal to the Circuit Court of Putnam County.

In the proceeding in the circuit court, the appellant, pursuant to the provisions of Rule 56, R.C.P., filed a motion for a summary judgment, asserting that there was no genuine issue as to any material fact in the case. The court, upon consideration of the affidavits of the parties, exhibits and arguments of counsel, denied the motion for summary judgment and entered judgment for the appellee. This appeal was thereafter granted upon the petition of the appellant.

The appellant and appellee were married in 1935, to which union a child subsequently was born. In 1945 this marriage was dissolved by a decree of the Circuit Court of Kanawha County. These parties were married to each other a second time in 1948. Approximately nine years later, on October 14, 1957, the appellee instituted a suit in the Domestic Relations Court of Kanawha County seeking a divorce from the appellant. The child born of the marriage of 1935 was emancipated in 1955, and his care and custody are of no concern in the instant proceeding.

On February 8, 1958, Buck Monroe Farley and Geraldine Virginia Farley entered into a property settlement agreement wherein it was stated that because of irreconcilable differences between them, which have caused them to separate, they "desire to settle and adjust all property rights between them." In paragraphs 1 and 2 of the agreement the appellee agreed to grant to the appellant all of his right, title and interest in and to any household furniture and equipment which they may own jointly, and to convey by deed his interest in and to certain real estate jointly owned by them.

Paragraph 3 of the agreement, which gives rise to this

controversy, reads as follows: "The party of the first part [appellee] will pay to the party of the second part, as a part of this property settlement, the sum of Twenty Dollars ($20.00) weekly, provided that for any period during which the party of the first part is unemployed such payments may be suspended without any liability on the party of the first part and the party of the first part will report the fact of any such unemployment to the party of the second part so that she may be kept informed as to his liabilities hereunder."

The parties further provided that the property settlement agreement may be made a part of any divorce decree which may be entered in any such proceeding between them.

By decree dated March 5, 1958, the Domestic Relations Court of Kanawha County granted a divorce to the appellee. That decree further provided: "And it appearing to the Court that plaintiff and defendant have entered into a property settlement agreement, in writing, bearing date the 8th day of February, 1958, the original of which was introduced in evidence, and that said agreement is in all respects fair and equitable, it is, therefore, accordingly, ADJUDGED, ORDERED and DECREED that said agreement be and the same [is] hereby ratified, approved and confirmed, insofar as same is not in conflict with the provisions of this DECREE."

It appears from the affidavit of the appellant, and is undisputed by the appellee, that the appellee made payments from time to time, pursuant to the terms of the settlement agreement; that in 1961 the appellee became irregular in making such payments; that in November, 1961, he ceased making such payments; and that by December 1, 1961, the appellee was in arrears in the aggregate amount of $167.00 under the terms of the agreement.

The appellant further says, by affidavit, that during the year 1957, while still married to the appellee, she became ill and required medical treatment and hospitalization; that she incurred indebtedness in the sum of $2,000.00 by reason

thereof; that the appellee did not pay any part of such indebtedness; and that, while not recited in the agreement of February 8, 1958, she released her claim to all other property belonging to the appellee and assumed payment of the medical and hospital expenses incurred during her illness.

In his affidavit the appellee says that if the appellant had incurred such medical and hospital expenses, he has paid her sufficient sums of money to take care of such expenses. He further avers that he has no property other than that referred to in the property settlement agreement.

In the factual situation related above, the trial court held that the weekly payments provided in the agreement, having been ratified by the court granting the divorce, constituted alimony and, since the husband was awarded a divorce, such payment of alimony could not be enforced. Thus we are confronted with the question: Are the weekly payments enforceable under the agreement, or, by reason of the divorce decree entered by the Domestic Relations Court of Kanawha County, do such payments constitute alimony?

If, as contended by the appellee, the weekly payments contained in the agreement constitute alimony, we agree that they can not be enforced by a wife against whom a divorce was awarded. This was clearly decided in *State ex rel. Cecil v. Knapp*, 143 W. Va. 896, 105 S. E. 2d 569. In that case the court granted the husband a divorce and ordered him to pay alimony. This Court prohibited the trial judge from enforcing the payment of alimony, holding that alimony will not be exacted from a husband who has been granted a divorce because of his wife's misconduct. We adhere to the well accepted rule expressed in the *Cecil* case, but its application to the instant proceeding is dependent upon the determination of whether these payments constitute alimony.

In the instant case the appellant and the appellee entered into an agreement wherein they expressed their "desire to settle and adjust all property rights between them." These

parties, being *sui juris,* had every right to execute such a contract. It is obvious that it was entered into in contemplation of divorce and for the purpose of settling their property rights instead of having them judicially determined by a court. Such agreements are valid and their provisions will be enforced unless induced by fraud, are collusive or are promotive of divorce or separation. No evidence of these prohibitive elements exists in this case.

Not only are property settlement agreements, validly entered into, not against public policy, but they occupy a favored position in the courts. The following is noted in 27B C.J.S., Divorce, Section 301 (1) b: "Property settlement agreements entered into by husband and wife pending, or in contemplation of, proceedings for divorce are to be commended, or occupy a favored position, and when made in recognition of an existing separation they, as well as conveyances made to carry them out, are presumptively valid." See also *Jennings* v. *First National Bank of Williamson,* 116 W. Va. 409, 180 S. E. 772.

It is such a property settlement agreement upon which the appellant relies in this case. She asserts that the obligation of the appellee is based upon his voluntary agreement and promise to pay.

The appellee contends that no consideration passed to him which would support the provision for payments contained in the agreement. In the circumstances of this case we believe that this contention is without merit. It is stated in the contract "That in consideration of the premises and for the purpose of settling their property rights completely, the parties hereto mutually covenant and agree as follows:" On the face of the contract it can not be determined what rights, contingent or actual, the parties relinquished.

Generally, the courts have found little difficulty in discovering a consideration in an agreement between spouses to settle their property rights. The legal obligation of the husband to support his wife is said to constitute the basis for a settlement of their affairs and for the making of an agreement for that purpose. 17A Am. Jur., Divorce and

Separation, Section 887. A similar expression was contained in the concurring opinion in *Jennings* v. *First National Bank of Williamson,* 116 W. Va. 409, 180 S. E. 772.

It is the principal contention of the appellee that paragraph 3 of the agreement of February 8, 1958, provided for payments of alimony which became merged in the divorce decree. Furthermore, he asserts that since the payments constitute alimony, they can not be enforced, inasmuch as he was granted a divorce for the misconduct of his wife. The latter assertion has been commented upon above and we agree that if the payments constitute alimony they would not be enforceable for the reason stated by the appellee. However, if the purpose of the agreement is to settle the property rights of the parties, provision for periodic payments contained therein are not alimony and may be enforced in a suit by a party thereto.

A true property settlement agreement, as its designation indicates, is entered into for the purpose of settling the property rights of the parties. It does not concern custody or support of children or alimony. It is a determination by the parties of their rights to various properties owned by them during their marriage. It is a voluntary agreement to divide their property in accordance with the provisions thereof. Periodic payments from the husband to the wife may be provided in such agreement and, if they are in liquidation of the wife's property rights, they may be enforced in a suit on the agreement. Such payments do not constitute alimony. See 17A Am. Jur., Divorce and Separation, Section 883.

It has been held in this and other jurisdictions that even though a husband has been granted a divorce for the misconduct of his wife, he nevertheless is liable for payments provided for in a valid property settlement agreement entered into by the parties. This holding is clearly based on the theory of a contractual obligation. *Jennings* v. *First National Bank of Williamson,* 116 W. Va. 409, 180 S. E. 772; *Seymour* v. *Seymour,* 18 Cal. App. 2d 481, 64 P. 2d 168; *Harper* v. *Carpenter,* 24 Cal. App. 2d 751, 67 P. 2d 762;

*Wilson* v. *Wilson,* 140 Me. 250, 36 A. 2d 774; *Glynn* v. *Glynn,* 8 N. D. 233, 77 N. W. 594.

A contract for the payment of money in lieu of alimony and for the settlement of property rights of the parties is valid. *Moore* v. *Crutchfield,* 136 Va. 20, 116 S. E. 482. The contract in the instant case does not mention alimony. Rather, it is clearly stated therein that its purpose is to settle their property rights completely. A part of that settlement was the agreement by the appellee to pay his wife certain weekly payments. We believe, therefore, that the payments in question do not constitute alimony but are a part of a valid property settlement agreement voluntarily entered into by the parties.

Even if, as contended by the appellee, the periodic payments provided for in the agreement appear to be for the support of the appellant, such payments can not become alimony in the absence of a decree of the court ordering them to be paid as such. Alimony is an allowance judicially granted to a wife for her support. In the decree of the Domestic Relations Court of Kanawha County granting the appellee a divorce the court further ordered that the agreement be "ratified, approved and confirmed." Does this language merge the agreement into the decree and make it a part thereof? We think not. Although a court may, in a divorce decree, merge into and make a part thereof a property settlement, it must do so by specific language. The mere approval of a property settlement agreement in the divorce decree does not operate to make it a part of, and enforceable as, a decree of the court. 27B C.J.S., Divorce, Section 301(a)b; *In re Webb* (D. C. Ind.), 160 F. Supp. 544; *Glassford* v. *Glassford,* 76 Ariz. 220, 262 P. 2d 382; *Gillespie* v. *Gillespie,* 74 Ariz. 1, 242 P. 2d 837; *Plummer* v. *Superior Ct. of City and County of San Francisco,* 20 Cal. 2d 158, 124 P. 2d 5; *McWilliams* v. *McWilliams,* 110 Colo. 173, 132 P. 2d 966; *Kastner* v. *Kastner,* 90 Colo. 280, 9 P. 2d 290; *Towne* v. *Towne,* 117 Mont. 453, 159 P. 2d 352; *Allen* v. *Allen,* 196 Okla. 36, 162 P. 2d 193; *Ridenour* v. *Ridenour,* 174 Wash. 152, 24 P. 2d 418; *Schoonover* v. *Schoonover* (C. A., Okla.) 172 F. 2d 526.

Where the language in a divorce decree approves an agreement between the parties, instead of merging the agreement into the decree, such language appears to merely acknowledge it as a living instrument. "Where the circumstances are such that the agreement, although incorporated or approved in the decree, is not merged therein, the parties may enforce it by suing on the agreement rather than on the judgment." 17A Am. Jur., Divorce and Separation, Section 920. See 154 A.L.R. 329. In the case before us the court granting the divorce merely approved the agreement. There was no adjudication fixing alimony.

Being of the opinion that the weekly payments contained in the agreement do not constitute alimony and that the language in the divorce decree did not convert them to alimony, we hold that the appellant should be allowed to maintain an action on the agreement. Therefore, the judgment of the Circuit Court of Putnam County is reversed and the case is remanded for further proceedings not inconsistent with the views expressed herein.

*Reversed and remanded.*