ROSS G. CHILDRESS

*v.*

VELMA JUNE CHILDRESS

(No. 13150)

Submitted October 10, 1972.      Decided May 29, 1973.

Rehearing Denied July 11, 1973.

840

*Sam R. Harshbarger,* for appellant.

*Larry W. Andrews, Thomas M. Chattin,* for appellee.

HADEN, JUDGE:

This is an appeal from the Circuit Court of Kanawha County affirming a decision of the Domestic Relations Court of that county in its refusal to assume jurisdiction to modify the terms of agreements executed coincident to a divorce which disposed of property and provided for support and maintenance.

In March 1966, Ross G. Childress began a divorce action against his wife, Velma June Childress. She answered the pleading, counterclaimed, and was ultimately granted the divorce on July 14, 1966. While the divorce action was pending, the parties entered into extensive negotiations regarding the disposition of property accumulated during marriage. The results of those negotiations were represented by a property settlement

agreement dated April 18, 1966, and a supplemental modifying agreement dated July 11, 1966. Taken together, these agreements acknowledged the irreconcilable domestic differences, the fact that no children had been born of the marriage, and recognized the pendency of the divorce action. Then in great detail, the parties agreed: to live separate and apart; that the wife would not in the future incur any debts upon the credit of the husband; that the husband would pay all the debts incurred by either party prior to April 18, 1966; that all jointly held stocks, bonds or similar property would be equally divided between the parties; that the wife would be assigned, free and clear of liens, all personal property located at the parties' home except professional books belonging to the husband; that a country club membership would be transferred to the wife; that an automobile title would be transferred from the husband to the wife; and that the husband would pay agreed attorneys' fees and all court costs incident to the divorce.

The April agreement also provided, pertinent to this appeal, that the jointly owned home of the parties valued in excess of Thirty-five Thousand Dollars ($35,000.00) would be sold and the proceeds divided equally between the parties. Ross G. Childress also agreed to pay his wife the sum of Five Hundred Dollars ($500.00) per month beginning April 19, 1966, and continuing on the same date each month thereafter until she shall have remarried or departed this life. This payment was specifically designated as alimony.

In the second agreement, however, which was specifically referred to as supplemental to the first and as modifying it, Ross G. Childress agreed to convey his undivided one-half interest in the residential real estate to Velma June Childress, who in turn agreed to accept the reduced sum of Three Hundred Ninety Dollars ($390.00) per month beginning July 19, 1966, for her *support* and *maintenance*. The use of the word "alimony" was wholly deleted from the second agreement.

In its final order of July 14, 1966, granting the divorce to Velma June Childress, the Domestic Relations Court of Kanawha County "ratified, approved and confirmed" the agreement of April 18, 1966, as a settlement of property rights and the supplemental agreement of July 11, 1966, as a settlement of property rights and support and maintenance. The trial court further found both agreements to be fair and equitable. No provision was made in the final order for an award of alimony to Velma June Childress.

Four years later the appellant, Velma June Childress, filed a petition in the same domestic relations court which had tried her divorce. She requested the court to award her an increase in the amount of money allotted in the agreements for her support and maintenance, and further requested that the property settlement agreements be made a part of and incorporated into the order of the court.

On the Motion to Dismiss of appellee Ross G. Childress, the Domestic Relations Court of Kanawha County, by order entered December 14, 1970, denied the relief sought by the appellant for the reasons that the final order in the divorce action "merely" ratified, approved and confirmed the property settlement agreements and that such action by the court did not result "in the terms thereof [as] constituting alimony." Further, that inasmuch as the divorce decree contained no provision for alimony the matter was *res judicata* and the court was, therefore, without jurisdiction to modify, alter or revise the decree in any matter whatsoever.

Velma June Childress then appealed the ruling of the Domestic Relations Court to the Circuit Court of Kanawha County. On June 14, 1971, that court dismissed the appeal and denied the claim for relief for the reasons that the trial court's decision was plainly right and that the case was controlled by the ruling of *Farley v. Farley*, 149 W.Va. 352, 141 S.E.2d 63 (1965).

An appeal by Velma June Childress from the order of the Circuit Court of Kanawha County was granted by this Court on October 18, 1971.

The question presented asks whether the approval by a divorce court in its final order of a property settlement agreement allotting a sum certain payable by husband to a wife for support and maintenance permits that court, upon subsequent application of one of the parties, to modify or alter the terms of the agreement?

We think not and we are compelled by reason and *stare decisis* to affirm the ruling of the lower courts. This appeal is controlled by the law of the *Farley* case, *supra,* decided by this Court in 1965, a year previous to the litigation which resulted in the instant case.

Alimony is an allowance judicially granted to a wife for her support and may be modified upon application subsequent to its original award when a party demonstrates a legally cognizable need for modification. But support and maintenance arrived at by a mere agreement of the party to pay and the party to receive is not alimony without judicial adoption or decretal pronouncement of a court having jurisdiction to award alimony. The mere approval of a property settlement agreement which incorporates a promise to pay money in lieu of alimony into a final order dissolving the marriage relation does not operate to make the agreement a part of, and enforceable as, a decree of the court. *Farley v. Farley, supra,* at page 358.

We apprehend nothing from the contentions of the appellant nor from a study of the property settlement agreements which will permit this Court to interpret contractual support and maintenance to be the legal equivalent of judicially awarded alimony. They are not one and the same unless the divorce court makes them so by adoption and award. It did not. We cannot. The matter is *res judicata.*

Carrigan and Kessel, JJ., participated and concurred in this decision but departed from the Court prior to the preparation of the opinion.

844

Sprouse and Neely, JJ., did not participate in the consideration or decision of this case.

*Affirmed.*