ROSE BLANCHE SAVAGE

*v.*

RAYMOND SAVAGE

(No. 13336)

Submitted January 22, 1974.   Decided February 19, 1974.

*Wilson, Frame & Rowe, Clark B. Frame and Richard E. Rowe* for appellant.

BERRY, JUSTICE:

This is an appeal by Raymond Savage, hereinafter referred to as appellant, from a final order of the Circuit Court of Monongalia County on June 6, 1972 wherein the appellant was ordered to pay $250 a month alimony to his former wife, Rose Blanche Savage, hereinafter referred to as appellee. The appellee had obtained an uncontested divorce on January 14, 1972 but the divorce decree was silent as to alimony. This Court granted appellant's appeal on February 26, 1973 and the case was submitted for decision on January 22, 1974.

The appellee filed her complaint in the divorce action on October 29, 1971 alleging that the appellant had been guilty of cruel and inhuman treatment of her. A hearing was held on January 13, 1972 but the appellant did not appear and on January 14, 1972 an order was entered granting the appellee the divorce. The order also stated that the appellee had the right to use the "residence property at 10 Rohrbough Street in the City of Weston, West Virginia", but the order did not provide for alimony.

On May 31, 1972 the appellee filed a petition in the Circuit Court of Monongalia County alleging that at the time of her divorce she was employed and fully self-sufficient but that she had been in ill health and was forced to give up her employment subsequent to the divorce. The petition stated that the appellant was earning $800 a month and the appellee prayed that the January 14, 1972 order be modified and the appellant be ordered to pay alimony.

A hearing was held on June 6, 1972 at which the appellant was present but was not represented by counsel and the court heard sworn testimony from both parties. The court then found that since the appellee's

circumstances had changed substantially, the appellant was ordered to pay the appellee $250 a month alimony.

The appellant contends on appeal that the Circuit Court erred in granting alimony to the appellee five months after the divorce since the divorce decree was silent as to alimony.

The only question involved in this case is whether alimony can be awarded subsequent to the entry of the first order granting a divorce which contained no provision for alimony.

This question has been answered in the negative by this Court on several occasions. The recent case of *Childress v. Childress,* 156 W.Va. 839, 196 S.E.2d 657, decided May 29, 1973, rehearing denied July 11, 1973, held that even where a property settlement providing for maintenance and support is approved and confirmed by the court which granted the divorce decree but the final order made no award of alimony, the divorce decree was res judicata and the court could not grant the wife's petition for an increase in support and maintenance. The case of *Farley v. Farley,* 149 W.Va. 352, 141 S.E.2d 63, decided in 1965, is to the same effect.

It was specifically held in the case of *Perry v. Perry,* 202 Va. 849, 120 S.E.2d 385, that a divorce decree could not be modified as to alimony where no alimony had been granted in the first instance.

This matter is discussed in 24 AM. JUR. 2d, *Divorce and Separation,* § 658, in the following language: "Statutory power to modify a decree for permanent alimony does not inferentially authorize the court to award alimony after divorce where none was given by the decree. To allow alimony subsequently to the decree would amount to an original and new judgment, not a modification; alteration can be made only of something then in existence."

In the case at bar no alimony was prayed for in the original complaint and none was awarded. It is clear

from the law applicable to such cases and the decisions of this Court that alimony cannot be awarded in such cases.

For the reasons stated herein, the judgment of the Circuit Court of Monongalia County is reversed.

*Judgment reversed.*