

# The Attorney General of Texas

May 18, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Clayton T. Garrison
Executive Director
Employees Retirement System of Texas
P. O. Box 13207
Austin, Texas    78711

Opinion No. JM-34

Re:  Entitlement of retired judge to continued retirement benefits when he has been elected to serve a regular term as district judge

Dear Mr. Garrison:

You advise that a retired annuitant of the Judicial Retirement System, see V.T.C.S. title 110B, Subtitle E, has been elected to serve as a district judge. His term of office began on January 1, 1983. You state that there are no clear statutory guidelines relating to retirement benefits under those circumstances, and you have therefore asked the following questions:

> 1.  Will the judge's annuity be suspended during his term of office?
>
> 2.  If the answer to question no. 1 is <u>no</u>, are we correct in concluding that no contributions could be deducted from the judge's future salary warrants and that no additional rights would accrue? If not, please explain what benefit entitlements the judge would accrue based upon his current period of service and when they would become payable.
>
> 3.  If the answer to question no. 1 was yes, will the judge make contributions to the Judicial Retirement System under section 42.001 and 45.101 of title 110B during the upcoming period of service?
>
> 4.  If the answer to the third question is yes, then, upon retirement or death, would we:
>
> (a) reinstitute the original annuity and refund any intervening contributions;

> (b) recompute the original annuity with the same option, beneficiaries, and reduction factors, but with credit for the additional service included; or
>
> (c) calculate a new retirement as if the original retirement had never taken place?
>
> 5. If the answer to question no. 3 is no, are we correct in assuming that, upon retirement or death, we would reinstitute the retirement benefits at the point they were suspended? If not, please explain what benefits entitlements the judge would have and when they would become payable.

We believe that in enacting article 6228b, V.T.C.S., which has been repealed and codified as subtitle E, title 110B, V.T.C.S., the legislature authorized compensation only for persons who no longer are justices or judges of the named courts although these persons may elect to be "judicial officers" subject to assignment to those courts. See §42.101 et seq.; Attorney General Opinion MW-586 (1982). As we construe the subtitle, it does not authorize retirement compensation for a "retiree" who loses his status as such by being reelected or reappointed to a judicial office that is included in the Judicial Retirement System. Were we to conclude otherwise, we would be constrained to hold that the subtitle violates the Texas Constitution.

The appropriation of the necessary sums of money from the general revenue fund to pay judicial retirement annuities is permitted by article V, section 1-a, and article XVI, section 67(d), of the Texas Constitution. Those sections direct the legislature to provide for the retirement and compensation of justices and judges of the appellate and district courts and their reassignment to active duty where and when needed, and to set the contributions and benefits of the judicial retirement system. When the people adopted article V, section 1-a, they limited the scope of the legislature's power under that provision to a program that includes both the retirement and the compensation of the named individuals and their reassignment to active duty while retired and receiving retirement compensation. See Farrar v. Board of Trustees of Employees Retirement System of Texas, 243 S.W.2d 688 (Tex. 1951); Attorney General Opinion M-95 (1967). Words in a constitutional amendment must be "given their natural, obvious and ordinary meanings as they are understood by citizens who adopted the amendment." State v. Clements, 319 S.W.2d 450, 452 (Tex. Civ. App. - Texarkana 1958, writ ref'd); Attorney General Opinion M-28 (1967). We believe that in adopting article V, section 1-a, the people contemplated "retirement" to mean to end or cease, rather than to suspend, interrupt, or temporarily halt. See Towne v. Towne, 117 Mont. 453, 159 P.2d 352, at 357 (1945); Webster's Third New

International Dictionary 2359 (1961); Black's Law Dictionary 1183, 1319 (5th ed. 1979).

Therefore, we conclude that the constitution empowers the legislature to provide judicial retirement compensation only to persons who no longer serve as justices or judges except for service as assigned judges.

Because we answer your first question in the affirmative, we need not address your second question. Your third question inquires whether a formerly retired justice or judge who received retirement annuities but later resumed the office of justice or judge of an appellate or district court must make contributions to the Judicial Retirement System while he holds the office. We believe that the annual membership fee required by section 42.002 and the contributions deducted monthly from the state compensation of members under section 45.101 are mandatory for a person holding such a judicial office.

Section 42.001 of title 110B, V.T.C.S., expressly limits membership in the Judicial Retirement System to judges, justices, and commissioners of the named courts. This section further mandates that persons holding those offices be members of the system beginning on the first day that they hold such judicial offices. The codification of article 6228b as subtitle E, title 110B, reiterates the same membership limitation in section 42.103, which states that a retiree who makes an election to be a judicial officer subject to assignment to certain courts may not rejoin the retirement system or receive credit in the retirement system for service performed under assignment. During the time that a person is a "retiree," even though he may be a "judicial officer" subject to assignment, he does not hold the office of justice or judge of the court in question and is not eligible for membership in the retirement system as provided by section 42.001. A person terminates his membership in the system when he ceases to be a justice, judge, or commissioner and either withdraws his contributions to the system or receives a retirement annuity or retirement allowance. Secs. 42.003 and 42.004. Sections 42.001 and 42.103 require a person be a member of the Judicial Retirement System while holding the office of justice or judge of an appellate or district court and prohibit membership to persons not holding such an office.

Because we answer your third question in the affirmative, we need not address your fifth question. In answer to your fourth question, we believe that your third suggested answer is correct. In our opinion, you should calculate a new retirement on the member's retirement or death as if the original retirement had never taken place. A former retiree had a vested right to the retirement benefits for which he was eligible under the constitution and subtitle E, title 110B, V.T.C.S., for as long as he continued the status that made him eligible. A person who voluntarily changes his status in a manner

that renders him no longer eligible for the retirement benefits authorized by the constitution and statutes is not deprived of a property right without due process of law.  We believe that a former retiree who resumes membership in the Judicial Retirement System reacquires all the rights and obligations of that membership and is entitled to retire again with his retirement benefits and options unaffected by his previous retirement.  The legislature manifested its intention to encourage retirement under the Judicial Retirement System not earlier than age 65 by actuarily reducing the retirement annuity of certain members who retire before that age and to encourage retirement not later than age 70 by increasing the annuity of a member who retires before age 71 by 10 percent of the amount of the applicable state salary.  Sections 44.101 and 44.102, title 110B, V.T.C.S.  See Abraham, The Judicial Retirement Amendment, 29 Tex. B.J. 1005 (1966).  We believe that to reinstate the original annuity would not comply with those intentions of the legislature.

### S U M M A R Y

A retired annuitant of the Judicial Retirement System who is elected or appointed to a court included in that system is entitled to the emoluments of the office to which he is elected or appointed but is not entitled to also receive a retirement annuity during the time that he holds the office.  On resuming membership in the Judicial Retirement System while holding the office of a justice or judge included in the system, a person who formerly was a retired annuitant acquires again all the rights and obligations of that membership and is entitled to retire again with his retirement benefits and options unaffected by his previous retirement.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
David Brooks
Rick Gilpin
Jim Moellinger
Nancy Sutton