22527

Francis Brown JENNINGS, Appellant v. Nancy Hughes HAGAN, Respondent.

(343 S. E. (2d) 25)

Supreme Court

*Stuart G. Anderson, Jr.* of *Anderson & Fayssoux,* Greenville, *for appellant.*

*J. D. Todd, Jr.* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent.*

Heard March 24, 1986.

Decided April 14, 1986.

FINNEY, Justice:

Appellant (Husband) and Respondent (Wife) were divorced and a document entitled "Separation and Property Settlement Agreement," dated January 9, 1981, was incorporated as part of the final decree. The agreement provides in pertinent part that the Husband agrees to pay the Wife the sum of three hundred fifty ($350.00) dollars per month for a period of nine (9) years and eleven (11) months. The parties further agreed that the sum of $350.00 a month would be reexamined by the parties every three (3) years, and this sum would be increased or decreased depending upon the in-

crease or decrease in the salary and income of the Husband at each examination period.

The Husband commenced the instant action alleging that the Wife had remarried, that the sums ordered to be paid under the above agreement were alimony, and his obligation to pay ceased pursuant to S. C. Code Ann. Section 20-3-150 (1976). The lower court ordered the payments to continue, holding that the payments were part of a property settlement agreement and the Husband has an obligation to pay for nine (9) years and eleven (11) months. The Husband was also ordered to pay past due payments in the amount of one thousand fifty ($1,050.00) dollars. We affirm.

After thoroughly reviewing the agreement, we find ample evidence that the payments are in the nature of a property settlement and not alimony. There is no provision that payments will cease upon remarriage of Wife or death of either party. The term of the payment was fixed at nine (9) years and eleven (11) months. The agreement provides in Paragraph 14 that "the wife hereby renounces any and all claims that she might have against the husband, either for alimony, support . . ."

The Husband contracted to pay an amount to the Wife for a period of 119 months; and her remarriage does not necessarily terminate his obligation to pay where, as in this case, the obligation is an integral part of a property settlement agreement. *Darden v. Witham,* 258 S. C. 380, 188 S. E. (2d) 776 (1972). See also, *Farley v. Farley,* 149 W. Va. 352, 141 S. E. (2d) 63 (1965) (Periodic payment in liquidation of Wife's property rights does not constitute alimony). We affirm the order of the lower court.

Affirmed.

NESS, C.J., and GREGORY, HARWELL and CHANDLER, JJ., concur.